Uicholson, O. J.,
delivered the opinion of the Court.
Complainants allege, that being indebted to defendants by note dated on the 26th of June, 1869, in the sum of $1,500, they transferred and assigned to them, as collateral security for the payment of said note, certain judgments in favor of complainants, rendered by Justices of the Peace, and also a judgment in the Circuit Court, which judgments were against good and solvent parties, and for amounts sufficient to liquidate and satisfy said note of complainants to defendants, or nearly so. This transfer and assignment took place on the 12th of January, 1870. They further allege, that on the 25th of May, 1870, they confessed a judgment on said note in favor of defendants; and that after such confession of judgment, defendants collected, at one time $150, and at another $100, on the claims transferred; besides, they allege that executions have been issued for more than thirty days on the Justices’ dockets, on other of the assigned judgments, which have not been returned. They also charge, *488 that other sums have been collected on the assigned judgments — to wKat amount they are unable to say, and have no means of knowing, without a discovery from defendants. But they charge that much, if not the whole of defendants’ judgment has been paid and liquidated, by collection on the assigned judgments — yet they allege that defendants have caused execution to issue for the whole amount of their said judgment, no credit having been allowed them thereon, and that the sheriff is threatening to enforce the same by levy and sale of property.
They pray for writs of injunction, which were granted — also that defendants may answer and discover how much they have collected, and why they have not collected' all of the assigned judgments, if they have not so collected all; and that an account be ordered, and for general relief.
Defendants demurred to the bill, and assigned several grounds of demurrer.
1. As to the alleged payments, they say that complainants have an unembarrassed remedy at law.
2. That there is no equity on the face of the bill.
8. That the allegations are not sufficient to maintain the bill as a bill for discovery.
4. That the bill does not seek ultimately to dispose of the matters therein referred £o.
The demurrer was sustained and the bill dismissed. Complainants appeal.
If the jurisdiction of the Chancery Court in *489 this case rested simply upon the allegations as to payments, made after the confession of the judgment, and as to the necessity for a discovery from the defendants as to the amount of the payments, we should have no hesitancy in sustaining the action of the Chancellor. The mere matters of payment might he as effectually inquired into and determined, in the court in which the judgment was rendered, as in a Court of Chancery. "We can see no embarrassment to the remedy of com-, plainants in a court of law, so far as obtaining credits for payments is concerned. iNor do we think the allegations, as to the necessity for a discovery from defendants, are sufficient to authorize the Chancery Court to retain the bill, merely as a bill for discovery.
But we are of opinion, that outside of the matters of payment, there are other allegations in the bill which are peculiarly cognizable in a court of equity. Taking the allegations of the bill to be true, defendants received from complainants solvent assets, sufficient to pay the debt owing by them to defendants, as collateral security for said debt. Defendants, therefore, became the agents or trustees of complainants, for the collection and appropriation of the assets. The allegation is, that defendants have collected much, if not enough of the collateral assets, to satisfy their judgment, and yet that they have given complainants no credits therefor, but are seeking to enforce their entire judgment. If this allegation be true, defendants, who have under *490 taken to act as agents for complainants, have in their possession trust funds belonging to complainants, sufficient to satisfy the judgment against them. These funds complainants have a clear right in equity to have applied as a set-off to the judgment which defendants have against them.
On two distinct grounds, therefore, the allegations in the bill make out a case for equitable relief — first, for requiring defendants, as agents, to account for the collateral assets transferred to them; and second, for having the amount collected by them, as such agents, applied as a set-off to the judgment, and in satisfaction thereof. As to both these matters, the jurisdiction of the Chancery Court is original, and is in nowise taken away, or interfered with, by the fact that the Circuit Court had rendered the judgment against complainants.
As the defendants demurred to the whole bill, for want of equity, and as this ground of demurrer was not well taken, it follows that the other grounds of demurrer, which went only to portions of the bill, were not well taken: Crowder v. Denny, 3 Head, 359.
The decree below will be reversed, and the cause remanded for further proceedings.' The costs of this Court will be paid by the defendants.